IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **THEARON G. BUCKNER,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-48-DWD |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Respondent's Combined Motion for an Order Authorizing Petitioner's Criminal Defense Attorney to Provide a Written Response and Motion for an Extension of Time ("Combined Motion"). (Doc. 3).

On January 5, 2024, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 1). Petitioner alleged the ineffective assistance of counsel. (Doc. 1). On January 10, 2024, the Court found that Motion survived a preliminary review, so it directed the Government to file a Response. (Doc. 2).

Now, in the instant Combined Motion, the Government argues Petitioner's allegations directly or indirectly implicate communications, including tactical decisions made in consultation with Petitioner, between Petitioner and his legal counsel, Mr. Jeffrey Goldfarb. (Doc. 3, pg. 1). The Government requested an affidavit from Mr. Goldfarb that addressed Petitioner's claims of ineffective assistance. (Doc. 3, pg. 1). Mr. Goldfarb "advised Government counsel that he is prepared to provide the requested affidavit, but

believes that an order…authorizing him to provide it is advisable because his response will involve matters ordinarily covered by attorney-client privilege." (Doc. 3, pgs. 1-2). Accordingly, the Government now seeks a finding that Petitioner, by placing his communications with Mr. Goldfarb at issue, waived the attorney-client privilege, such that Mr. Goldfarb may tender the aforementioned affidavit to the Government. (Doc. 3, pg. 1). The Government also seeks an extension of its Response deadline. (Doc. 3, pg. 3).

The Court notes "the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation." *See Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995); *see also Staszak v. U.S.*, No. 15-cv-20, 2015 WL 4474333, *1 (S.D. Ill. July 21, 2015) (noting "that '[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.' "); *Seifer v. U.S.*, 225 F. Supp. 3d 811, 812 (E.D. Wisc. 2016) (concluding the habeas petitioner, by raising claims of ineffective assistance of counsel, waived the attorney client privilege as to the communications underlying those claims, such that the respondent could compel the petitioner's former legal counsel to provide an affidavit on the subject of the petitioner's habeas motion). However, the Court notes Petitioner has not yet filed a Response to the Combined Motion. Accordingly, the Court **DIRECTS** Petitioner to file such a Response by **February 16, 2024**. Should Petitioner fail to file a timely response, the Court will proceed to authorize Mr. Goldfarb to provide an affidavit as requested by the Government. In light of this ruling, the Court

**TERMINATES** the operative briefing schedule on Petitioner's Motion under § 2255. That schedule will be reset upon the resolution of the Combined Motion.

**SO ORDERED.**

Dated: February 2, 2024

*s/ David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge