IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEARON G. BUCKNER, | ) |
| | ) |
|    Petitioner, | ) |
| | ) |
| vs. | )    Case No. 3:24-cv-48-DWD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Respondent's Combined Motion for an Order Authorizing Petitioner's Criminal Defense Attorney to Provide a Written Response and Motion for an Extension of Time ("Combined Motion"). (Doc. 3).

On January 5, 2024, Petitioner filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 1). Petitioner alleged the ineffective assistance of counsel. (Doc. 1). On January 10, 2024, the Court found that Motion survived a preliminary review, so it directed the Government to file a Response. (Doc. 2).

Now, in the instant Combined Motion, the Government argues Petitioner's allegations directly or indirectly implicate communications, including tactical decisions made in consultation with Petitioner, between Petitioner and his legal counsel, Mr. Jeffrey Goldfarb. (Doc. 3, pg. 1). The Government requested an affidavit from Mr. Goldfarb that addressed Petitioner's claims of ineffective assistance. (Doc. 3, pg. 1). However, Mr. Goldfarb "advised Government counsel that he is prepared to provide the requested

affidavit, but believes that an order…authorizing him to provide it is advisable because his response will involve matters ordinarily covered by attorney-client privilege." (Doc. 3, pgs. 1-2). Accordingly, the Government now seeks a finding that Petitioner, by placing his communications with Mr. Goldfarb at issue, waived the attorney-client privilege, such that Mr. Goldfarb may tender the aforementioned affidavit to the Government. (Doc. 3, pg. 1). The Government also seeks an extension of its Response deadline. (Doc. 3, pg. 3).

The Court directed Petitioner to file a Response to the Combined Motion. (Doc. 4). However, as of this date, Petitioner has not done so.

Therefore, upon review of the parties' positions, together with the controlling legal authorities, the Court **FINDS** Petitioner waived the attorney-client privilege as to communications, relating to the allegations contained in his Motion, with Mr. Goldfarb. *See Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("[T]he attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation."); *Staszak v. U.S.*, No. 15-cv-20, 2015 WL 4474333, *1 (S.D. Ill. July 21, 2015) (noting "that '[i]t has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.' "). Accordingly, the Court **GRANTS** the Combined Motion and **AUTHORIZES** Mr. Goldfarb to provide the affidavit contemplated by the Government, which shall be limited to communications with Petitioner about the allegations at issue. *See Seifer v. U.S.*, 225 F. Supp. 3d 811, 812 (E.D. Wisc. 2016) (finding habeas petitioner, by raising claims of ineffective assistance of counsel, waived the attorney client privilege as

to communications underlying those claims, such that the respondent could compel the petitioner's former legal counsel to provide an affidavit on the subject of the petitioner's habeas motion). Finally, the Government's deadline to file its Response is **EXTENDED to May 10, 2024**. Petitioner shall then have until **June 10, 2024**, to file his Reply.

**SO ORDERED.**

Dated: April 9, 2024

s/ *David W. Dugan*
DAVID W. DUGAN
United States District Judge
